UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DEBRA J. WILLSEY, )
)
        Petitioner, )
)
v. ) No. 1:10-cv-970-TWP-DML
)
STEVE McCAULEY, )
)
        Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Debra J. Willsey for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue**.**

**I.**

**A.**

Willsey was convicted in an Indiana state court of murder. Her sentence was affirmed on direct appeal in *Willsey v. State,* 698 N.E.2d 784 (Ind. 1998). The trial court's denial of Willsey's petition for post-conviction relief was affirmed on appeal in *Willsey v. State,* 908 N.E.2d 710 (Ind.Ct.App. June 5, 2009). The Indiana Supreme Court denied transfer on August 19, 2009. Willsey now challenges her conviction through her petition for writ of habeas corpus.

**B.**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the

statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

### C.

The facts pertinent to the computation of the statute of limitations are the following:

- ! Willsey's direct appeal was decided by the Indiana Supreme Court on December 2, 1998.

- ! The last day on which Willsey could have filed a timely petition for writ of certiorari was March 2, 1999.

- ! On January 25, 2000, Willsey filed her petition for post-conviction review in the trial court. That post-conviction action remained pending in one form or another until August 19, 2009.

- ! Willsey's habeas petition was signed by Willsey on May 27, 2010, and filed with the clerk on June 25, 2010.

### D.

The legal significance of the foregoing facts is the following:

- ! Willsey's conviction was "final" for purposes of the AEDPA on March 2, 1999. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- ! The statute of limitations established by 28 U.S.C. 2244(d) began to run on March 2, 1999, and ran 329 days before Willsey filed her petition for post-conviction relief on January 25, 2000.

- ! The running of the statute of limitations was tolled while Willsey's petition for post-conviction relief was pending, meaning from January 25, 2000, until August 19, 2009.

- ! The statute of limitations established by 28 U.S.C. 2244(d) expired 36 days later, on September 24, 2009.

- ! The AEDPA's statute of limitations expired 245 days before Willsey filed her petition for writ of habeas corpus.

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Willsey's habeas petition was filed after the statute of limitations expired. Willsey has not replied to the respondent's argument and thus has not attempted to show that her habeas filing was timely.

E.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Willsey has encountered the hurdle produced by the 1-year statute of limitations. She has not shown the existence of circumstances permitting her to overcome this hurdle, and hence is not entitled to the relief she seeks. Her petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Willsey has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/5/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

James Blaine Martin
INDIANA OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov

Debra J. Willsey
DOC #966204
Indiana Women's Prison
2596 North Girls' School Road
Indianapolis, IN 46214