**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DEBRA J. WILLSEY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STEVE McCAULEY, )<br>)<br>Respondent. ) | No. 1:10-cv-970-TWP-DML |

**Entry Discussing Petitioner's Motion to Reconsider**

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). Given the timing of the motion relative to the entry of judgment on the clerk's docket, the petitioner's letter requesting reconsideration of the disposition in this action for habeas corpus relief motion must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").[1]

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain*

---

[1]The current version of Rule 59 of the *Federal Rules of Civil Procedure* permits a Rule 59(e) motion to be filed within 28 days after the entry of judgment.

*Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.** In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982).

In this instance, the petitioner has offered too little too late. She did not act diligently. Yet another deadline passed in her quest for collateral relief, and the consequence must be faced. *Yancick v. Hanna Steel Corporation,* 2011 WL 3319568 (7th Cir. Aug. 3, 2011). Of equal importance here, moreover, is that there is not a hint that the petitioner was prejudiced by the circumstances which delayed for a few days her receipt of the Entry issued on April 18, 2011. The respondent's return to order to show cause was filed on December 14, 2010. Months passed. Extension after extension was sought and granted. Even months after the ruling, the petitioner does not suggest how a different conclusion could have been reached. In its Entry of May 5, 2011, the court reviewed the pertinent history, including the filing of the present action, and concluded: "Willsey's habeas petition was filed after the statute of limitations expired. Willsey has not replied to the respondent's argument and thus has not attempted to show that her habeas filing was timely."

Relief from judgment under Rule 60 is an extraordinary remedy which should be granted only in exceptional circumstances. *Harringson v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Del Carmen v. Emerson Electric Co.,* 908 F.2d 158, 161 (7th Cir. 1990). Such relief is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986). Those circumstances are not present here. The

petitioner's request for reconsideration (Dkt. No. 30), treated as a motion for relief from

judgment, is therefore **denied.**

   **IT IS SO ORDERED.**


Date:   08/22/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


Distribution:

James Blaine Martin
INDIANA OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov

Debra J. Willsey
DOC #966204
Indiana Women's Prison
2596 North Girls' School Road
Indianapolis, IN 46214